IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 10-cr-00392-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE LUIS PUENTES SANCHEZ,
  a/k/a "Jose Luis Sanchez Puentes,"
  a/k/a "Luis Sanchez Puentes,"
  a/k/a "Luis Puentes,"

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR
MODIFICATION/REDUCTION OF SENTENCE PURSUANT
TO THE FAST TRACK DIRECTIVE AND 18 U.S.C. § 3582(c)(2)**

---

This matter is before the Court on Defendant Jose Luis Puentes Sanchez's "Motion for the Modification/Reduction of Sentence Pursuant to the Fast Tract [sic] Directive and 18 U.S.C. § 3582(c)(2)" (Doc. # 140), filed on January 18, 2013. For the reasons discussed below, the Court denies Defendant's motion.

### I. BACKGROUND

Defendant pleaded guilty to (1) conspiracy to distribute and possess with intent to distribute cocaine; (2) attempt to distribute and possess with intent to distribute 500 grams or more of cocaine, and aiding and abetting the same; and (3) illegal reentry after conviction for an aggravated felony. (Doc. # 135 at 1.) On February 2, 2011, the Government filed a "Motion Pursuant to 18 U.S.C. Section 3553(e) and for Downward

Departure Pursuant to U.S.S.G. Section 5K.1.1" (Doc. # 112), requesting that the Court impose a sentence of fifty-two months, which was below the minimum mandatory sentence of five years, due to Defendant's substantial assistance pursuant to 18 U.S.C. § 3553(e) and § 5K1.1.  Adopting the Government's recommendation, the Court sentenced Defendant on February 25, 2011, to fifty-two months' imprisonment, to be followed by three years of supervised release.  (Doc. # 135.)

In the instant motion, Defendant moves for reduction of his sentence based on 18 U.S.C. § 3582(c)(2) and the fast track directive.[1]  (Doc. # 140.)  The Government responded to Defendant's Motion on January 31, 2013.  (Doc. # 143.)

## II. **ANALYSIS**

Section 3582(c)(2) provides that a court may reduce the sentence of a defendant if the "sentencing range . . . has subsequently been lowered by the Sentencing Commission."  Additionally, a sentence reduction is proper "if [it] is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  According to the Supreme Court, sentence reductions "*must be* consistent with the applicable policy statements" from the Sentencing Commission.  *Dillon v. United States*, 130 S. Ct. 2683, 2688 (2010)(emphasis added).

The Court engages in a two-step process for sentence reductions.  *See id.* at 2691-92.  First, the Court must follow the Sentencing Commission's "instructions in

---

[1] The Department of Justice and the United States Attorneys' Offices developed the fast-tracks program "as a matter of prosecutorial discretion to handle increasingly large numbers of criminal immigration cases."  Memorandum from James M. Cole, Deputy Attorney General, to all United States Attorneys 1 (Jan. 31, 2012), *available at* http://www.justice.gov/dag/fast-track-program.pdf.

[U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *See id.* at 2691. In making this determination, the Court "shall substitute *only* the amendments listed in [§ 1B1.10] subsection(c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *See id.* (emphasis added). The Court generally may not reduce a term of imprisonment under § 3582(c)(2) to one "that is less than the minimum of the amended guideline range produced by the substitution." *See id.* (internal quotations and citation omitted). Second, under § 3582(c)(2), the Court considers whether any § 3553(a) factors apply and "whether, in [the Court's] discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part" given the circumstances of the case. *See id.* at 2692.

In the instant case, Defendant is not eligible for a sentence reduction because the Sentencing Commission has not made the fast-track program an amendment to § 1B1.10(c) that may be applied retroactively. The fast-track program is an "internal Department of Justice policy that allows for early disposition, in the discretion of the U.S. Attorney, for certain defendants who have committed particular crimes." *United States v. Soltero-Corona*, No. 5:99-cr-50038, 2013 WL 4046355, at *1 (W.D. Ark. May 22, 2013) (unpublished); *see also United States v. Hernandez-Cornejo*, 507 Fed. App'x 765 (10th Cir. 2013) (unpublished) (referring to fast tracks as an early disposition program); *United States v. Seldon-Lopez*, No. 2:09-cr-0246-RLH-RJJ, 2012 WL 1744535, at *1 (D. Nev. May 15, 2012) (unpublished) (noting that the fast-track policy

3

does "not create any substantive or procedural rights for Defendant"). As such, the fast-track program cannot serve as a basis for retroactively reducing Defendant's sentence.

### III. **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that Defendant's "Motion for the Modification/Reduction of Sentence Pursuant to the Fast Tract [sic] Directive and 18 U.S.C. § 3582(c)(2)" (Doc. # 140) is DENIED. It is

FURTHER ORDERED that the Government's "Motion for Leave to Restrict" (Doc. # 141) is GRANTED.

DATED: September __23__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

4